## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONIO DON MILTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   Case No. CIV-10-1367-F |
| | ) |
| DAVID MILLER, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Respondent has filed a Response [Doc. No. 13] to the Petition together with the relevant state court Trial Transcript (TR) and the Original Record (OR). Petitioner has filed a Reply [Doc. No. 20], and the matter is at issue. For the following reasons, it is recommended that the Petition be denied.

## I.    Procedural History

Petitioner was convicted after a jury trial in the District Court of Oklahoma County, Case No. CF-2007-3113, of trafficking in illegal drugs – cocaine, possession of drug paraphernalia, possession of a firearm after former convictions, and possession of marijuana. He was sentenced on these convictions to life without the possibility of parole, one year imprisonment, life imprisonment, and ten years imprisonment, respectively.

The Oklahoma Court of Criminal Appeals (OCCA) affirmed Petitioner's convictions on direct appeal.  *See* Response, Ex. 3.  His application for post-conviction relief was denied by the state court, *see id.*, Ex. 10, and the OCCA affirmed the trial court's denial, *see id.*, Ex. 6.

## II.   <u>Evidence Presented at Trial</u>

In its opinion affirming Petitioner's conviction on direct appeal, the OCCA summarized the relevant evidence presented at trial as follows:

> In the early morning hours of May 22, 2007, a team of Oklahoma City police officers executed a search warrant at a home in the northeast part of the city. Having obtained judicial approval for a "no-knock" warrant, the officers broke through the front door with a battering ram.  Upon entry, Appellant was seen running through the house toward the back door.  Officers stationed outside the back door of the house apprehended Appellant as he tried to leave. Another man was also apprehended inside the dwelling.

> Inside the home, police found evidence of someone attempting to "cook" cocaine base: an electric mixer, a food processor, and a microwave oven, all of which were coated with cocaine residue.  They also found two digital scales, boxes of baking soda, and boxes of plastic baggies.  A package containing over 100 grams of cocaine base was found secreted under the floorboards of the back porch, and a smaller quantity was discovered inside a crumpled newspaper.  A video camera had been installed at the front of the house, with an active monitor set up in the laundry room.  The absence of standard domestic effects in the residence (furniture, food, clothing, etc.) led police to surmise that the structure was not routinely inhabited, but was used solely as a place to make and distribute cocaine base, or "crack" cocaine.

> A search of Appellant's person revealed over $450 in cash, and a key that fit two locks on the back door of the residence.  An automobile parked outside the residence, which was registered to Appellant, contained a loaded 40 caliber firearm on the front console, and a quantity of marijuana.  The vehicle also contained a utility bill for the residence, although in another person's name. Police also found papers belonging to Appellant inside one of the bedrooms

2

of the residence.[1]

Response, Ex. 3 at 2-3.

### III.   **Petitioner's Grounds for Habeas Relief**

Petitioner raises nine grounds for habeas relief, all of which claims have been denied on the merits by the OCCA.  In Grounds One and Two of his petition, Petitioner alleges the evidence was insufficient to support his convictions for trafficking and for possession of drug paraphernalia.  *See* Petition at 8-10.  In Ground Three, Petitioner alleges that his trial counsel was ineffective for failing to challenge the legality of the search, failing to object to the jury instructions regarding punishment, failing to object to testimony presented during the first stage of trial referencing the finding of a firearm, and failing to seek redaction of prejudicial information contained in the judgment and sentence documents introduced as evidence to prove his prior felony convictions.  *See id.* at 11.  Petitioner alleges in Ground Four that irrelevant, improper, and misleading evidence resulted in inflated and excessive sentences.  *See id.* at  13.  In Ground Five Petitioner contends that all of his sentences were excessive, and in Ground Six, Petitioner specifically asserts that his mandatory sentence of life imprisonment without the possibility of parole for trafficking was excessive and violated his federal and state constitutional rights to be free from cruel and unusual punishment.  *See id.* at 14-16.  In Ground Seven, Petitioner alleges cumulative error.  *See* id. at 10.  Finally, in Grounds Eight and Nine, Petitioner alleges that his appellate counsel rendered ineffective

---

[1]Unless otherwise indicated, quotations in this report are reproduced verbatim.

assistance by failing to raise trial counsel's deficiencies and by failing to provide the OCCA with a sufficient record on direct appeal.  *See id.* at 19-24.

## IV.   **Standard Governing Habeas Review**

When the OCCA denies a claim on the merits, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) dictates the standard for federal habeas review.   Under AEDPA, habeas relief may be granted only if the OCCA's adjudication of the merits of a federal claim has resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ."  28 U.S.C. § 2254(d)(1).  Under this standard, judicial review is directed to the result of the OCCA's decision, not its reasoning.  *Gipson v. Jordan*, 376 F.3d 1193, 1197 (10th Cir. 2004) ("[W]e defer to the OCCA's decision unless we conclude that its result – not its rationale – is 'legally or factually unreasonable.'") (citing *Aycox v. Lytle*, 196 F.3d 1174, 1178 (10th Cir. 1999)).

A decision is "contrary to" clearly established federal law for purposes of § 2254 if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from" the result reached by the Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  A decision involves an "unreasonable application" of federal law if "the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.  "AEDPA's conception

of objective unreasonableness lies 'somewhere between clearly erroneous and unreasonable to all reasonable jurists.'" *House v. Hatch*, 527 F.3d 1010, 1019 (10th Cir. 2008) (quoting *Maynard v. Boone*, 468 F.3d 665, 670 (10th Cir. 2006)).  Thus, AEDPA imposes "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, __U.S.__, 131 S.Ct. 1388, 1398 (2011) (citations and internal quotation marks omitted).  AEDPA further mandates that factual findings made by a state trial or appellate court are presumed correct and may be rebutted only by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

## V.   <u>Analysis</u>

### A.   <u>Grounds One and Two - Sufficiency of the Evidence</u>

Petitioner alleges in Ground One that there was insufficient evidence to support his conviction for trafficking in illegal drugs.  Petition at 8-9.  In Ground Two, Petitioner claims that there was insufficient evidence to support his conviction for possession of drug paraphernalia.  *Id.* at 10.  Habeas relief is not warranted on these claims.

When a claim of insufficient evidence is asserted for habeas review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  This standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.*  In applying this standard, this Court "may not weigh conflicting evidence nor consider

the credibility of witnesses[,]" but must "'accept the jury's resolution of the evidence as long as it is within the bounds of reason.'"  *Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996) (citation omitted)).   Both direct and circumstantial evidence is considered in determining whether evidence is sufficient to support a conviction.  *Lucero v. Kerby*, 133 F.3d 1299, 1312 (10th Cir. 1998).  Morever, the provisions of AEDPA add "an additional degree of deference to state court's resolution of sufficiency of the evidence questions[]" on habeas review.  *Diestel v. Hines*, 506 F.3d 1249, 1267 (10th Cir. 2007) (quoting *Patton v. Mullin*, 425 F.3d 788, 796 (10th Cir. 2005)).  The  standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n. 16.

A conviction for trafficking in illegal drugs under Oklahoma law, requires the State to prove that Petitioner:  (1) knowingly, (2) possessed, (3) not less than 5 grams of cocaine base.  *See* Okla. Stat. tit. 63, § 2-415; OUJI-CR 6-13.  A conviction for possession of drug paraphernalia under Oklahoma law, requires the State to prove that Petitioner was: (1) knowingly and intentionally, (2) using or possessing drug paraphernalia, (3) to package,  (4) the controlled dangerous substance of cocaine base.  Okla. Stat. tit. 63, § 2-405; OUJI-CR 6-7.

Petitioner contends that he should have been acquitted of these charges because the jury did acquit him on charges of manufacturing illegal drugs, use of a surveillance camera, and possession of proceeds gained by a violation of the drug statutes.  *See* OR 128-133. According to Petitioner, his convictions were based only on his "apparent proximity to the

cocaine base found hidden in the porch[.]" Response, Ex. 1 (Appellant Brief) at 9.  Further, he contends that his convictions were based on circumstantial evidence and not his "actual physical control" of the drugs or paraphernalia.  *Id.* at 8.

Under Oklahoma law, when the State lacks evidence of "actual physical custody of contraband," it may prove "constructive" possession of drugs or drug paraphernalia by circumstantial evidence of "additional independent factors showing [the accused's] knowledge and control."  *Johnson v. State*, 764 P.2d 530, 532 (Okla. Crim. App. 1998) (internal quotations and citations omitted).  "Such independent factors may consist of incriminating conduct by the accused, . . . or any other circumstance from which possession may be fairly inferred."  *Id.* (internal citations and quotations omitted).

On direct appeal, the OCCA rejected both of Petitioner's claims of insufficient evidence.  Response, Ex. 3, at 3-4.  The OCCA summarized the evidence supporting a finding of Petitioner's constructive possession of crack cocaine and drug paraphernalia:

> Although the majority of the cocaine confiscated had been hidden under the porch, the residence itself was a working crack kitchen.  Its sole purpose appeared to be a place to prepare, store, and distribute crack cocaine. Appellant possessed keys to the residence.  Papers found in one of the rooms, and contraband found in Appellant's car, only reinforced an inference that Appellant was more than a transient guest with bad timing.  Finally, Appellant's flight from the residence when police made a surprise appearance was additional evidence the jury could consider as consciousness of guilt.  A rational trier of fact could find, beyond a reasonable doubt, that Appellant exercised dominion and control over the cocaine found in the residence, and the paraphernalia used to prepare it.

Response, Ex. 3 at 3. Because the OCCA applied the proper standard,[2] this Court's task is to determine whether the OCCA's decision applying that standard was reasonable. *See Brown v. Sirmons*, 515 F.3d 1072, 1089 (10th Cir. 2008).

The undersigned agrees that the evidence viewed in the light most favorable to the prosecution, was sufficient for the jury to infer that Petitioner knowingly possessed the cocaine found hidden under the porch[3] and that he knowingly and intentionally used or possessed drug paraphernalia for the purpose of packaging cocaine. Thus, the undersigned finds that the decision of the OCCA regarding the sufficiency of the evidence is neither contrary to, nor an unreasonable application of Supreme Court law and recommends that habeas relief on these grounds be denied.

## B.   Ground Three: Ineffective Assistance of Trial Counsel

Petitioner contends that his trial counsel was ineffective because he failed to (1) challenge the legality of the search of the house, (2) object to a jury instruction regarding punishment, (3) object to testimony regarding the discovery of a firearm in the vehicle, and (4) seek redaction of prejudicial information contained in the documents offered as proof of

---

[2]Although the OCCA did not cite *Jackson*, the court correctly articulated the *Jackson* standard for a sufficiency of evidence review. Therefore, the deferential standard set forth at 28 U.S.C. § 2254(d)(1)-(2) applies. *See Valdez v. Ward*, 219 F.3d 1222, 1237 (10th Cir. 2000); *see also Morris v. Workman*, 382 Fed. Appx. 693, 696 (10th Cir. 2010) (noting that in addressing a claim of insufficient evidence "[t]he OCCA applied the correct standard under *Jackson* . . . by asking whether 'any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt' when viewing the evidence 'in the light most favorable to the prosecution.'").

[3]Petitioner does not dispute the trial testimony that the cocaine weighed in excess of 100 grams. TR Vol. 3, 30.

prior convictions.[4]

All ineffective assistance of counsel claims are governed by the familiar standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail, a petitioner must establish that "counsel's representation fell below an objective standard of reasonableness," and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).[5] Moreover, because the OCCA denied this claim on the merits, in order to obtain habeas relief, Petitioner must show that the OCCA's adjudication of Petitioner's ineffective counsel claims resulted in a decision that was contrary to or involved an unreasonable application of Strickland. 28 U.S.C. § 2254(d)(1).

The Supreme Court recently clarified the deference due a state court's decision on habeas review when claims of ineffective assistance of counsel are at issue:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law. A state court must be granted a deference and

---

[4]In support of these claims, Petitioner merely "adopts and reiterates by reference in its entirety, 'Appellant's Brief in Chief'" filed with the OCCA on direct appeal. Petition at 12.

[5]This Court need not consider both prongs of the *Strickland* test if a petitioner makes an insufficient showing on one. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . , that course should be followed." *Strickland* at 697 (internal quotations omitted).

latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Harrington v. Richter*, 131 S. Ct. 770, 785 (internal quotations and citation omitted).  The Supreme Court emphasized that it is the *result* of the state court's decision which must "be evaluated according to the precedents of this Court[,]" and acknowledged that AEDPA's standard of review makes it difficult for a petitioner to obtain habeas relief:

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Id.* at 786-787.  As the Supreme Court further explained:

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

*Id. at* 786.

## (1) Legality of Residence Search

On direct appeal Petitioner claimed that trial counsel had been ineffective for failing to challenge the search of Petitioner's residence.  In support of this claim, Petitioner first argued that the search took place without a valid search warrant as demonstrated by the fact that the warrant was issued after the search took place.  Response, Ex. 1 (Brief of Appellant) at 19.  In response, the State pointed out that the warrant referenced by Petitioner did not pertain to the search of the residence, but rather to a subsequent search of a storage unit based

on information found during the search of the residence.  The State argued therefore that the

claim of an invalid, warrantless search of the residence was not supported by the record and

was without merit.  Response, Ex. 2 (Brief of Appellee) at 17-18.  Although counsel admitted

to the OCCA that "an oversight was made in Appellant's argument[,]" she asserted

nonetheless that the error did not "diminish Appellant's argument that Mr. Milton's trial

counsel was ineffective," and counsel confirmed that "Appellant wishes to proceed with this

Proposition of Error."  Petition, Att. 6 (Reply Brief of Appellant) at 1.  Neither the warrant

nor the supporting affidavit was included in the record on direct appeal, and the OCCA found

that it was "unable to determine whether trial counsel had any grounds for challenging the

legality of the warrant in question." Response, Ex. 3 (OCCA Opinion) at 4.  Therefore, the

court could not say  "that trial counsel was deficient in this regard."   Response, Ex. 3

(OCCA Opinion) at 4.  Because the OCCA made no determination on the merits of

Petitioner's claim that counsel was ineffective for failing to challenge the evidence

discovered in the search, this Court's review of the claim is *de novo*, unconstrained by

AEDPA.  *See Bland v. Sirmons*, 459 F.3d 999, 1010 (10th Cir. 2006).

The undersigned has reviewed the search warrant and supporting affidavit regarding

the residence on N.E. 13th Street which are included in the record before this Court.

Response, Ex. 9 (State's Response to Application for Post-Conviction Relief), attached

Warrant and Affidavit, pp. 70-75 (hereinafter "Warrant").   Because Petitioner's argument

that the search was made without a warrant was admittedly based on a factual error and

because Petitioner has offered no additional factual basis in support of his claim that officers

entered the residence without a warrant," his claim that trial counsel was ineffective for failing to object to the "warrantless entry" of the residence is clearly without merit. Habeas relief should be denied with regard to such claim.

Petitioner also claims that trial counsel was ineffective for failing to object to the officers' entry into the residence without notice. Appellate counsel argued on direct appeal that the officers violated the "knock and announce" requirement of the Fourth Amendment, and that there was no showing of the exigent circumstances required for a "no knock" entry. Response, Ex. 1 at 21-22.[6] Petitioner's argument and authority in support of this claim were again, however, based on the erroneous assumption that the search was conducted without a warrant. *Id.* As discussed, the search of the residence was, in fact, executed pursuant to a state warrant issued by a state judge, specifically allowing for "Immediate Entry" based on the testimony in the supporting affidavit that such entry was necessary "for the safety and protection of potential bystanders, officers and suspects." Response, Ex. 9 at 70-75 (Warrant and Affidavit). The undersigned notes, moreover, that the supporting affidavit included information from at least one reliable confidential informant who had recently observed drugs (cocaine and PCP) and a gun on a table in the residence in full view of the occupants (including Petitioner) together with video surveillance equipment and real time monitors. *Id.* The affidavit also stated that according to Oklahoma City Police Department Bureau of Record, Petitioner was a member of a violent gang involved with illegal drugs. *Id.*

---

[6]Neither the State nor the OCCA addressed this argument which Petitioner clearly raised on direct appeal. The undersigned has therefore considered this claim de novo.

Under these circumstances, the undersigned finds that Petitioner has failed to demonstrate that the issuance of the "no-knock" warrant by the state judge was not justified. *See United States v. Esser*, 451 F.3d 1109 (10th Cir. 2006)(noting long-standing rule that "if police obtain a 'no-knock' warrant prior to the search, the defendant bears the burden to show that entry method was not justified[]"). Moreover, the application of the exclusionary rule is not the proper remedy for the violation of the "knock and announce" requirement during the execution of a search warrant. *See Hudson v. Michigan*, 547 U.S. 586, 592-602 (2006). Petitioner's claim that trial counsel was ineffective for failing to challenge the knock and announce provision of the search warrant is therefore without merit, and his request for habeas relief on this basis should be denied.

### (2) Jury Instruction

Petitioner contends, as he did on direct appeal, that trial counsel was ineffective in failing to object to the instruction and the verdict form regarding punishment with respect to Count 2, Trafficking in Illegal Drugs. Response, Ex. 1 at 23- 25. The challenged instruction advised the jury that Petitioner had admitted that he had two prior convictions and explained that "[t]he punishment for Trafficking in Illegal drugs after two (2) previous convictions is imprisnment in the Oklahoma State Penitentiary for a term of life imprisonment without the possibility of parole." OR 179. The OCCA found no error based on this claim, noting that:

by the time in the second stage of the trial,[7] the jury found Petitioner guilty of

---

[7]In order to avoid prejudice to Petitioner based on his prior criminal convictions, this case
(continued...)

possession of a firearm after former conviction of a felony, and having therefore previously found Petitioner guilty of one prior felony, 'the only options left for the jury on punishment were 'guilty after one prior drug-related felony,' and 'guilty after two or more prior drug-related felonies.''"

Response, Ex. 3 at 6.

In response to Petitioner's argument that the written stipulations of trial counsel "reserved the right to dispute the 'truthfulness of the evidence in question[,]" the OCCA found that the record was "void of any refutation," and that Petitioner had not supplemented the record with "any evidence calling his criminal history into question." *Id.*  The OCCA found "no reasonable probability that the jury would have ignored or rejected evidence that Appellant had the requisite criminal history to warrant the punishment-range instructions which were given in the third state of the trial." *Id.*  The OCCA concluded therefore that Petitioner had demonstrated neither deficient performance of counsel nor resulting prejudice for failing to challenge the instruction or the verdict form.  Response, Ex. 3 at 6.  Petitioner has failed to demonstrate that the OCCA's determination of this issue is either contrary to, or an unreasonable application of *Strickland*.  He is therefore not entitled to habeas relief on this claim.

---

[7](...continued)
was tried in three stages.  At the conclusion of the first stage, the jury returned verdicts as to all charges except the charge of Possession of a Firearm After Former Conviction of a Felony (Count 4).  *See* OR 128-133.  Because a prior felony conviction is one of the elements of Count 4,  that charge was addressed separately in the second stage of the trial.  *See* OR 166-173.  The third stage of the trial addressed the punishment for those counts (Counts 2, 4, 6 and 7) on which the jury had returned guilty verdicts.  *See* OR 174-182.

### (3) Evidence Regarding Firearm

Petitioner contends, as he did on direct appeal, that his trial counsel was ineffective in failing to object to prejudicial references to a firearm found in Petitioner's vehicle. As the OCCA noted, however, the testimony regarding the gun came into evidence in the first stage of trial before the jury was aware of Petitioner's former felony convictions. Response, Ex. 3 at 7. The OCCA found that the evidence was therefore legitimately considered by the jury because the gun found in Petitioner's car was relevant to whether he knowingly possessed the large amount of crack cocaine. Recognizing that "possession of a firearm is not, by itself, illegal[,]" the OCCA found no prejudice resulted from such testimony. Thus, the OCCA determined that counsel was not ineffective in failing to object to the testimony. Petitioner fails to offer any basis for finding the OCCA's application of *Strickland* was unreasonable. Habeas relief should be denied with respect to this claim.

### (4) Redaction of Documents

Finally, Petitioner contends that his trial counsel was ineffective during the third stage of the trial in failing to ask that prejudicial information be removed from the documents introduced to prove his criminal history. Petitioner does not, however, identify any specific information which should have been redacted. In its order denying this claim on direct appeal, the OCCA noted a reference to an application to revoke a suspended sentence based on Petitioner's failure to pay court costs; however, noting that such reference was on the 15th page of a 30 page exhibit, the court concluded:

Under the circumstance presented here, we believe the sentences imposed by

15

the jury were the direct result of the number and nature of Appellant's prior convictions, and nothing else. We find no improperly-admitted information which could reasonably have affected the outcome of the sentencing stage here. In summary, we do not find trial counsel's performance such that it undermines confidence in the outcome of the trial.

Response, Ex. 3 at 7-8 (citations omitted).

The undersigned agrees and, giving due deference, finds that the OCCA's decision is neither contrary to, nor an unreasonable application of *Strickland*. Habeas relief should be denied on this claim.

### C.   Grounds Eight and Nine: Ineffective Assistance of Appellate Counsel

Petitioner raises the same ineffective assistance of appellate counsel claims that he raised in his application for post-conviction relief.[8] In Ground Eight, Petitioner contends his appellate counsel was ineffective in failing to raise six additional ineffective assistance of trial counsel claims. In Ground Nine, he contends that appellate counsel was ineffective in failing to provide the OCCA with a sufficient record on direct appeal in support of Petitioner's challenge to the legality of the search of the residence on N.E. 13th Street. Specifically, Petitioner objects to appellate counsel's failure to include copies of the no-knock search warrant of the residence and the supporting affidavit. Petition at 24. The record before this court does include the warrant and affidavit.[9]

---

[8]In support of his habeas claims of ineffective assistance of appellate counsel, Petitioner relies on the arguments presented to the State trial and appellate courts on post-conviction. *See* Petition at 20-24 and Attachments 7, 8 and 9.

[9]The State's Response to Application for Post-Conviction Relief is attached as Exhibit 9 to Respondent's Response to the Petition for Writ of Habeas Corpus [Doc. No. 13]. Relevant
(continued...)

In its order affirming the trial court's denial of Petitioner's post-conviction claim of ineffective appellate counsel, the OCCA concluded:

> [I]n order to prevail on his claim of ineffective assistance of appellate counsel, Petitioner must establish counsel made errors so serious the performance was deficient, and that the deficient performance deprived him of an appeal whose results are reliable and fair. The fact appellate counsel fails to recognize or raise a claim, regardless of merit, is not sufficient alone to establish ineffective assistance of counsel, or to preclude enforcement of a procedural default. We **FIND** Petitioner has not established appellate counsel's performance was deficient, or that the result of his appeal was not reliable and fair.

Response, Ex. 6 at 2-3 (citations omitted).

For the reasons discussed hereafter, the undersigned finds that the OCCA's decision is neither contrary to, nor an unreasonable application of *Strickland*. In order to determine whether appellate counsel was ineffective, the undersigned has examined the merits of the omitted ineffective assistance of trial counsel claims upon which Grounds Eight and Nine are based. *See Miller v. Mullin*, 354 F.3d 1288, 1298 (10th Cir. 2004) (to evaluate effectiveness of appellate counsel's performance, court looks to the merits of the omitted issue).

### (1) Plea Bargain

In support of his claim that appellate counsel was ineffective for failing to raise certain claims of ineffective assistance of trial counsel, Petitioner first contends:

---

[9](...continued)
documents attached to that Response include the docket sheet for Case No. CF 2007-3113 (Att. 2), an Affidavit signed by Jacob M. Benedict (Att. 3), and a copy of the search warrant and supporting affidavit issued for the residence at 1606 N. E. 13th Street, Oklahoma City, Oklahoma. (Att. 5).

> Trial Attorney, Joe Reynolds, Rendered Ineffective Assistance By Failing To Inform The Petitioner Of a (Pre-Preliminary Hearing) Plea-Bargain Offer of 23 Years on All Counts Until The Day Set For Trial, And Well After The Plea Offer Had Been Withdrawn.

Petition at 19.

This claim, using the identical language, was first raised by Petitioner, in his Application for Post-Conviction Relief.  *See* Response, Ex. 4 at 4.[2]  In his Brief in Support of that application, Petitioner explained:

> On June 2, 2008, during a pretrial hearing the trial judge divulged in open court that Petitioner "had the opportunity to plead guilty and receive 23 years on CF-2007-3113, prior to preliminary hearing and he turned that down. (Tr. I, 16.).  Through his attorney, Michael Arnett, Petitioner informed the court that Petitioner had never heard of the 23-year offer until the judge had just mentioned it.

Response, Ex. 4 at 4.  As Petitioner noted, the prosecutor attempted to "clear that up" by reviewing the notes of Josh McGoldrick, the previous prosecutor:

> It is in our file I believe on August 2nd of '07, Defendant was represented by Joe Reynolds and Mr. McGoldrick offered 25 on Possession With Intent with all other counts to run concurrent and then also to run concurrent with the 20 on the CF-07-3076 case.  It was before prelim.[3]

*Id.*

Petitioner asserted in his brief in support of his application for post-conviction relief that had he "been timely informed of the August 2, 2007 plea offer of 23 or even 25 years

---

[2]The page references to the Exhibits attached to the Response reflect the Court's Electronic Case Filing (ECF) pagination.

[3]The docket entry on August 2, 2007, reflects: "comes on for PHC Deft in custody, Counsel J. Benedict, State by ADA McGoldrick. PHC set for 8-17-07 at 9AM before Judge Doak at Defts req."  Response, Ex. 9 at 35.

. . . he would have taken the offer." Response, Ex. 4 at 16.  Petitioner argued further on post-conviction that given "the evidence, number of charges, and his prior criminal history, and the actually sentences received clearly supports Petitioner's assertion that he would been most happy to accept the State's plea-bargain." *Id.*

In its response to Petitioner's post-conviction application, the State offered an affidavit from Jacob Benedict, an assistant public defender, who asserts that he represented Petitioner in CF-2007-3113 "during preliminary hearing conferences, the preliminary hearing and the pre-trial proceedings until private counsel Mike Arnett entered his appearance as attorney of record on January 31, 2008.  *See* Response, Ex. 9 at 50-51 (ECF).  The docket in that case reflects that Joe Reynolds initially represented Petitioner and appeared in court with Petitioner on June 25, 2007, for a hearing on a defense motion to recuse.  Response, Ex. 9 at 33 (ECF).  According to the docket, on June 28, 2007, Petitioner appeared for arraignment without counsel and appeared with counsel Joe Reynolds and Mike McBride on the following day for a hearing on a motion filed by the State.  *Id.* at 34.  On August 2, 2007, the State appeared by assistant district attorney McGoldrick, and Petitioner appeared with Mr. Benedict appearing for the first time as his counsel.  *Id.* at 35.  The previously scheduled preliminary hearing was apparently continued until August 17, at which time ADA McGoldrick, Petitioner, and Mr. Benedict appeared, and again the preliminary hearing was continued.  *Id.* The preliminary hearing was finally held on October 30, 2007, at which time Petitioner was represented by Mr. Benedict.  *See* Response, Ex. 9, attached affidavit at pp. 50-51.  *See* Response, Exs. 9 and 11.

19

In his affidavit, Mr. Benedict avers that the State initially offered Petitioner a plea agreement that included a sentence of 20 years imprisonment on a lesser charge in CF 2007-3113, to run concurrently with an equal sentence in Case No. 2007-3076, in return for his guilty plea in both cases which offer would expire once a preliminary hearing was conducted. Mr. Benedict states that he communicated the offer to Petitioner, but that Petitioner rejected the offer and requested a preliminary hearing.  Mr. Benedict states further that on October 30, 2007, prior to the beginning of the preliminary hearing which was scheduled for that day, the State again offered the same plea agreement.  According to Mr. Benedict's affidavit, both he and Mr. Reynolds[4] met with Petitioner and told him about the State's plea offer, explaining that the offer would be withdrawn if the preliminary hearing was conducted. Upon Petitioner's rejection of the offer, the preliminary hearing was held.  *See* Response, Ex. 9, Att. 3.

In his Reply, Petitioner asserts, without further explanation, that the plea offer "discussed by Respondent in 'Proposition 5(A),' pp. 42-45 of his response is not the same plea offer complained of in 'Sub-Proposition (A) of Ground 8' of Petitioner's habeas petition."  Reply at 12.  Petitioner does not, however, deny Mr. Benedict's sworn statement that a plea agreement offering 20 years in prison in exchange for his guilty pleas was communicated to and rejected by Petitioner on two occasions prior to the preliminary

---

[4]The Affidavit asserts and the docket confirms that Mr. Reynolds was Petitioner's counsel in the drive-by shooting case (2007-3076), an 85% crime which was pending concurrently with the trafficking case (2007-3113).  Response, Ex. 9 at 50 and Ex. 11.

hearing.  Assuming that Petitioner's claim is based on a different offer of 23 years in prison in exchange for his guilty plea which was not communicated to him until the day of trial, such claim would not support an ineffective counsel claim. Having failed to deny Mr. Benedict's sworn statement that he had twice rejected an earlier 20 year plea offer, Petitioner cannot demonstrate any prejudice resulted from counsel's alleged failure to communicate a less favorable offer.  *See Strickland*, 466 U.S. at 687.  The undersigned notes further that Petitioner in open court rejected the State's offer on the day of trial of 40 years to run concurrently with 18 years on the drive-by shooting case.  T Tr. Vol. 1 at 17-18.  Because the underlying claim of ineffective trial counsel is without merit, Petitioner cannot demonstrate that appellate counsel was ineffective for failing to raise trial counsel's ineffective representation.  Thus, the OCCA's denial of this claim of ineffective appellate counsel was neither contrary to nor an unreasonable application of *Strickland*, nor an unreasonable determination of the facts in light of the evidence before it.  It is therefore recommended that this ground for habeas relief be denied.

### (2) **Mug Shot**

Petitioner next contends that his appellate counsel was ineffective in failing to assert that trial counsel rendered ineffective assistance by failing to object to the admission of Petitioner's "mug shot" for identification purposes.  Petition at 20.  According to Petitioner, the photograph was prejudicial because it showed him in handcuffs.  Although Petitioner's hands are behind his back, there are no handcuffs showing in the photograph.  Trial Exhibits, State's Ex. 36.  Even if the jury assumed that he was handcuffed in the photograph, Petitioner

21

has not demonstrated any particular prejudice resulted.  At most, the photograph would have informed the jury that Petitioner had at some point been arrested.

Having reviewed all the evidence, the undersigned finds the photograph to be of minimal, if any, prejudice.  Absent a showing of prejudice, Petitioner's claim that trial counsel was ineffective for failing to object to the admission of the photograph is without merit.  *See Strickland*, 466 U.S. at 687.  The OCCA's denial of Petitioner's ineffective appellate counsel claim is therefore neither contrary to, nor an unreasonable application of *Strickland.*  Habeas relief should be denied as to this claim.

### (3) Ineffective Redaction

Petitioner next alleges that appellate counsel was ineffective for failing to challenge trial counsel's failure to object to prejudicial evidence reflected in a judgment and sentence in a prior trafficking case which was offered to prove a prior felony conviction during the second stage of the trial.  According to Petitioner, because the judgment and sentence referred to an irrelevant prior felony conviction, the parties agreed to redact the reference, which redaction was accomplished using a black marker.  Response, Ex. 4 (Petitioner's Brief in Support of Application for Post-Conviction Relief) at 7.  Petitioner asserts that the marker did not really redact anything "because the type can be read through the black ink left by the 'black marker.'"  *Id.*  Petitioner offers only his own speculation that the jury was able to and did in fact read the redacted information.  Such speculation is not sufficient to support his claim of ineffective counsel.  Moreover, even if Petitioner could prove that the jury had read the "redacted" information, his argument that such information **could have been** improperly

used to enhance his punishment is insufficient to demonstrate prejudice and is therefore insufficient to support a claim of ineffective counsel.  Petitioner has not shown that the OCCA's decision in this regard was contrary to or an unreasonable application of *Strickland*. Habeas relief should be denied as to this claim.

### (4) Stipulation to Ownership of Property

Petitioner next contends that his appellate counsel was ineffective in failing to assert that trial counsel was ineffective for stipulating in a motion to quash the information that Petitioner owned the property where the drugs were found.  Petition at 5.  The record does not support Petitioner's contention that trial counsel "stipulated" to ownership of the property.  In the motion itself, counsel stated that Petitioner did not own the property.  *See* Response, Ex. 9, Att. 4.  Petitioner's allegation is based on the following exchange between the trial court and counsel:

> **Court:**  So, I have read the Defendant's Motion to Quash and if I can, the gist of the argument is that Mr. Milton did own the property but had rented it out and he was present at the time that the police entered with a search warrant but the drugs were not found on him and, is that pretty much the gist of it?
>
> **Mr. Arnett:**  Yes, it is, Your Honor.

TR I at 7.

Counsel's statement to the court does not rise to the level of ineffective assistance of counsel. The statement was made not to the jury, but to the trial judge.  Moreover, the State's theory of the case was that Petitioner was in constructive possession of the drugs, and that theory did not depend on proof of ownership of the residence.  As discussed above, the evidence at

trial was sufficient to support the theory of constructive possession.  Petitioner has not shown that the OCCA's decision in this regard was contrary to or an unreasonable application of *Strickland*.  Habeas relief should be denied as to this claim.

### (5) **"C-Monster"**

In a related ground for relief, Petitioner contends that his appellate counsel should have asserted that trial counsel was ineffective in failing to challenge the search warrant, which referred to an individual known as "C-Monster," on the grounds that no witness actually identified him as the individual known as "C-Monster."  As Respondent notes, the search warrant was issued for the residence at 1606 N.E. 13th Street.  Response at 47.  Moreover, the State presented sufficient evidence of Petitioner's constructive possession of the drugs found during the search as Petitioner was present when the illegal drugs were found.  The identity of "C-Monster" is irrelevant to Petitioner's convictions.  Petitioner fails to show that such challenge, if raised, would have resulted in a different outcome.  Petitioner therefore has failed to demonstrate that trial counsel was ineffective for failing to challenge the search warrant based on the fact that Plaintiff was never identified as the person known as  "C-Monster."  Appellate counsel was therefore not ineffective for failing to raise this claim on appeal.  Petitioner has not shown that the OCCA's decision in this regard was contrary to or an unreasonable application of *Strickland*.  Habeas relief should be denied as to this claim.

### (6) **Infirm Prior Convictions**

Petitioner claims his appellate counsel should have raised ineffective assistance of trial

counsel based on counsel's failure to challenge the legality of the prior convictions used to enhance his sentence. Petition at 6. According to Petitioner, he had not been represented by counsel during all critical stages of the prior convictions and as a result, he was deprived of his right to appeal such convictions. Petition at 22. In response to this issue in Petitioner's application for post-conviction relief, the State submitted copies of the Oklahoma County District Court's denial of Petitioner's applications for post-conviction relief seeking appeals out of time in each of the previous three felony cases in each of which the trial court found that Petitioner had been fully advised of his appeal rights but failed to perfect an appeal. *See* Response, Ex. 9, Att. 7-9. The OCCA affirmed the trial court's denials of post-conviction relief. Response, Ex. 9, Att. 10. Petitioner has failed to demonstrate that trial counsel had any grounds upon which to challenge the prior convictions. Therefore, his claim that appellate counsel was ineffective is without merit. Petitioner has not shown that the OCCA's decision in this regard was contrary to or an unreasonable application of *Strickland*. Habeas relief should be denied as to this claim.

### (7) Incomplete Appeal Record

Finally, in his ninth ground for relief, Petitioner contends his appellate counsel was ineffective in failing to submit a complete record to the OCCA on appeal. As discussed above, the original record submitted to the OCCA on direct appeal did not contain a copy of the search warrant and supporting affidavit for the residence at 1606 N.E. 13th Street. Having previously determined that trial counsel would have had no basis upon which to challenge the search of the residence, the undersigned finds that the result of Petitioner's appeal would

not have been different even if these documents had been before the OCCA. Petitioner has not demonstrated that he was prejudiced by appellate counsel's omission. Petitioner has not shown that the OCCA's decision in this regard was contrary to or an unreasonable application of *Strickland*. Habeas relief should be denied as to this claim.

### D. Grounds Four, Five and Six: Excessiveness of Sentences

Petitioner does not dispute that his sentences are within the ranges of punishment provided by Oklahoma law. Nonetheless, he alleges in three related grounds, as he did on direct appeal, that his sentences are excessive.

### (1) Ground Four

First, Petitioner contends that certain documents admitted into evidence as proof of his prior felony convictions contained irrelevant and prejudicial information, creating a substantial risk that the jury sentenced him to maximum sentences based on irrelevant information contained in the sentencing documents. The materials in question were judgment and sentence documents as well as copies of court dockets related to the prior felony convictions. Citing state law, *Bean v. State*, 392 P.2d 753 (Okla. Crim. App. 1964), Petitioner argued before the OCCA that these documents were irrelevant and prejudicial. The facts in *Bean* are, however, distinguishable. In *Bean*, the defendant's entire prison record, showing misconducts, parole revocation and loss of good time credits, was introduced into evidence. Judgment and sentence documents and court docket sheets do not have the same prejudicial effect as an entire prison record. Moreover, admission of evidence in a state trial is a matter of state law. "When the admission of evidence in a state trial is challenged

on federal habeas, the question is whether the error, if any, was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Williamson v. Ward*, 110 F.3d 1508, 1522–23 (10th Cir. 1997).   The OCCA's conclusion that the evidence in question was not prejudicial is neither contrary to, nor an unreasonable application of Supreme Court law, and habeas relief is not warranted on this ground.

### (2)  Grounds Five and Six

Petitioner next contends that his sentences are disproportionate to the nature and circumstances of the offenses, should shock the conscience, and should be modified.   In Ground Six, Petitioner contends that the sentence of life without possibility of parole imposed on the trafficking conviction is unconstitutional in that it violates the Eighth Amendment's prohibition of cruel and unusual punishment.

"The Eighth Amendment, which forbids cruel and unusual punishments, contains a narrow proportionality principle that applies to noncapital sentences." *Ewing v. California*, 538 U.S. 11, 20 (2003) (citation and internal quotations omitted).   The proportionality principle, however, "reserves a constitutional violation for only the extraordinary case." *Lockyer v. Andrade*, 538 U.S. 63, 77 (2003).   *See also United States v. Gillespie*, 452 F.3d 1183, 1190-1191 (10th Cir. 2006) (summarizing Supreme Court precedent on the proportionality principle and noting that "the [Supreme] Court has only twice invalidated a sentence under the Eighth Amendment: once in 1910, when the defendant was sentenced to fifteen years in chains and hard labor for falsifying a public document; and most recently in

1983, when the defendant was sentenced to life without parole after committing six nonviolent felonies including writing a bad $100-dollar check") (citations omitted). As the Tenth Circuit has instructed, courts "are reluctant to interfere with the legislative determination of an appropriate sentence range." *Hawkins v. Hargett*, 200 F.3d 1279, 1285 (10th Cir. 1999). Application of the narrow proportionality principle has, therefore, been reserved to the truly extraordinary case involving a sentence grossly disproportionate to the crime of conviction. *Id.*, 200 F.3d at 1282. *See also United States v. Angelos*, 433 F.3d 738, 750 (10th Cir. 2006); *United States v. Gurule*, 461 F.3d 1238, 1247 (10th Cir. 2006). Moreover, in *Harmelin v. Michigan*, 501 U.S. 957, 994 (1991) the Supreme Court held that a sentence of life without parole is not disproportionate even to a first-time offender's conviction of possession of cocaine.

In light of the state legislature's role in setting sentencing ranges, the Supreme Court precedent regarding disproportionate sentences, and the fact that Petitioner's sentences are within the statutory range of punishment permitted under Oklahoma law, the undersigned concludes that Petitioner's sentences are not grossly disproportionate to his crimes and do not violate the Eighth Amendment's guarantee against cruel and unusual punishment. Thus, the OCCA's decision is neither contrary to, nor an unreasonable application of Supreme Court law. Petitioner is not entitled to habeas relief on this claim.

### E.    Ground Seven: Cumulative Error

In Ground Seven, Petitioner alleges that cumulative error deprived him of a fundamentally fair trial. Petition at 6. The OCCA rejected this claim on direct appeal.

Response, Ex. 3 at 9.

"Cumulative error analysis applies where there are two or more actual errors; it does not apply to the cumulative effect of non-errors." *Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998). The OCCA found no error and this Court has found no constitutional error among Petitioner's grounds for relief presented on direct appeal. Therefore, there is no basis upon which to find cumulative error. Accordingly, it is recommended that habeas corpus relief be denied on this claim as well.

## **RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that the Petition for a Writ of Habeas Corpus be denied.

Petitioner is advised of his right to file an objection to this Report and Recommendation in accordance with Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of this Court by the 1st day of March, 2012. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 10th day of February, 2012.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE